NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY THORPE,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY, DEPARTMENT OF TREASURY, DIVISION OF PENSIONS AND BENEFITS,<br><br>    Defendant. | Civil Action No. 24-1463 (RK) (JBD)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Plaintiff Judy Thorpe's ("Plaintiff") application to proceed *in forma pauperis*, (ECF Nos. 1-3, 1-4), together with her Complaint, (ECF No. 1). For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with prejudice.

**I.    BACKGROUND**

    Before discussing the Complaint in the above-captioned matter, the Court begins with a different case Plaintiff filed in this District bringing identical claims to those brought here. On July 14, 2023, Plaintiff filed a complaint with exhibits and an *in forma pauperis* ("IFP") application, totaling 230 pages, in *Thorpe v. Bd. of Trs. of the Pub. Emps. Ret. Sys.*, Case No. 23-3788, ECF No. 1. The Court screened and dismissed the complaint pursuant to 28 U.S.C. § 1915. Case No. 23-3788, ECF No. 3. Summarizing Plaintiff's allegations there, the Court wrote that Plaintiff was terminated from her position as a registered nurse at New Jersey's Juvenile Justice Commission ("JJC") in 2008. *Id.* at 1–2. Plaintiff challenged her termination, and after administrative

proceedings, an arbitrator upheld her termination. *Id.* at 2. After turning 60 years old in 2021, Plaintiff applied for deferred retirement benefits through New Jersey's Public Employee Retirement System ("PERS"). *Id.* PERS denied Plaintiff's application based on a finding that she had been terminated for cause from the JJC. *Id.* Plaintiff's subsequent federal suit alleged inconsistencies in the administrative record from her state proceedings and that she had been denied retirement benefits based on the erroneous conclusion that she had been terminated "for cause." *Id.* at 3.

The Court held that PERS, as part of the New Jersey Division of Pensions and Benefits of the Department of Treasury ("DPB"), was entitled to Eleventh Amendment immunity as an arm of the state. *Id.* at 6–7. The Court held further that the exception to Eleventh Amendment immunity articulated in *Ex parte Young*, 209 U.S. 123 (1908) was inapplicable because Plaintiff's suit was filed against PERS rather than any individual official and because Plaintiff did not seek prospective relief or allege an ongoing violation of federal law. *Id.* at 7–8. The Court dismissed the complaint without prejudice and permitted Plaintiff to file an amended pleading. *Id.* at 9.

Plaintiff filed an amended complaint on December 8, 2023, the summons issued before the Court could screen the new complaint, and the defendants there filed a motion to dismiss. Case No. 23-3788, ECF Nos. 5, 8, 10, 16. Earlier this month, on October 4, 2024, the Court screened the amended complaint and dismissed the case with prejudice. Case No. 23-3788, ECF No. 21. Reviewing the amended complaint, the Court noted that it was "substantively identical" to Plaintiff's initial complaint, except that Plaintiff added two individual defendants—Jeff S. Ignatowitz ("Ignatowitz") and Robert E. Kelly ("Kelly"), who both appeared to be PERS employees—in response to the Court's initial screening opinion. *Id.* at 3. The Court held that naming Ignatowitz and Kelly did not overcome the Eleventh Amendment bar previously identified,

as Plaintiff did "not clearly allege how Mr. Ignatowitz and Mr. Kelly were involved in PERS's decision with respect to" Plaintiff's benefits application and denial. *Id.* at 7. Further, Plaintiff did not seek prospective relief but rather again "ask[ed] the Court to retrospectively re-review PERS's denial of" her benefits application. *Id.* at 8. The Court dismissed the complaint with prejudice because the defendants were "categorically immune," and Plaintiff had been unable to correct the identified deficiencies in the Court's initial screening opinion. *Id.* at 9.

Turning to the present matter, Plaintiff filed her Complaint and IFP application, with exhibits totaling 136 pages, on March 4, 2024. ("Compl.," ECF No. 1.) The Complaint, filed several months after the amended complaint in Case No. 23-3788, largely mirrors Plaintiff's allegations there; in fact, the majority of the paragraphs are identical, although Plaintiff also adds new (but irrelevant) details. Here, rather than suing PERS directly, Plaintiff sues the DPB, of which PERS is one division. (*See generally*, Compl.) Stated again in brief, Plaintiff alleges she was "unlawfully and wrongfully terminated" from the JJC in 2008. (*Id.* ¶ 20.) PERS, Ignatowitz, and Kelly (although the latter two are not named Defendants) "neglected and mischaracterized" the relevant facts in their decisions, which has "ongoing implications" for Plaintiff's state legal proceedings. (*Id.* ¶ 21.) Plaintiff alleges that PERS, Ignatowitz, and Kelly violated New Jersey law and policies with their conduct in Plaintiff's state proceedings and that a "clear inconsistency" in one filing suggests that "other omissions or errors" may have infected the state proceedings. (*Id.* ¶¶ 22–27.)

The Complaint then details Plaintiff's record of "honorable service" to the state through her nursing career and argues the merits of her claim for retirement benefits. (*Id.* ¶¶ 28–33.) Plaintiff writes that the "very crux of my matter is the fact that my termination . . . *was* due to my disability, and thus I am eligible for disability retirement benefits." (*Id.* ¶ 34.) Plaintiff continues,

3

alleging that her medical records support her disability and benefits claims, that statements made in filings in the state proceedings were misleading, and that decisions by the Appellate Division were incorrect. (*Id.* ¶¶ 35–55, 62–74.) Plaintiff concludes that the "appellate courts, in upholding [PERS's] denial of [Plaintiff's] application for Ordinary Disability Retirement Benefits have relied on [PERS's] unlawful reasoning" and that "the finding was clearly erroneous and prejudicial." (*Id.* ¶ 55.)[1]

The Complaint includes a jurisdictional statement, (Compl. ¶ 9–11), that appears calculated to circumvent the Court's ruling in the prior matter that the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable, *see* Case No. 23-3788, ECF No. 3 at 7–8. Plaintiff alleges that the relief sought includes a prospective injunction because there are "ongoing violations of federal law." (Compl. ¶ 9.) Plaintiff explains that the violations affect her "future monthly pension benefits" and that she specifically "phrased the injunctive relief sought in prospective terms." (*Id.* ¶ 10.) Plaintiff elaborates on the relief she seeks:

> I am simpl[y] requesting what belongs to *me*, *my* pension that *I* earned fair and square, *my* application for Ordinary Disability Benefits was denied. I am simpl[y] asking the powers that be, to approve my application for Ordinary Disability benefits pursuant to N.J.A.C. 17:1-6.4.:(a). Moreover, to correct the errors including

---

[1] A number of paragraphs also argue Plaintiff's claims that the attorneys who represented her in the state proceedings committed legal malpractice. (*Id.* ¶¶ 56–61.) The Undersigned considered these allegations in a different federal suit Plaintiff filed in July 2023 in *Thorpe v. Cipparulo*, Case No. 23-3590, ECF No. 1. As the Court summarized, Plaintiff alleged that the attorneys who represented her in the state proceedings committed legal malpractice. Case No. 23-3590, ECF No. 3 at 1–2. Plaintiff brought suit in state court and lost on summary judgment, the Appellate Division affirmed, and the New Jersey Supreme Court and United States Supreme Court denied *certiorari*. *Id.* at 2, 2 n.1, 2 n.2. The Court observed that Plaintiff's suit was "framed as an appeal from a court proceeding in New Jersey," as it asked the Court to "'review the inadequate and/or faulty reasoning underlying' the Appellate Division's affirmance" and "'request[ed] that the [state court's] decision be reviewed.'" *Id.* at 2 (quoting the complaint). The Court dismissed Plaintiff's complaint on multiple grounds, including because the Court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because the complaint "repeatedly s[ought] this Court to review the findings of fact and conclusions of law by the state trial court." *Id.* at 4–7. This Court denied Plaintiff's subsequent motion for reconsideration, and the Third Circuit dismissed Plaintiff's appeal for failure to timely prosecute. Case No. 23-3590, ECF Nos. 8–10.

> but not limited to, [that] the current record misrepresents the facts by inaccurately depicting my years of service and contributions.

(*Id.* ¶¶ 9–10 (emphasis in original).) Along with her Complaint, Plaintiff submitted approximately one hundred pages of exhibits supporting the merits of her argument for the award of retirement benefits. (ECF No. 1-2.) Finally, Plaintiff filed a completed IFP application. (ECF Nos. 1-2, 1-3.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

The District Court engages in a two-step analysis when considering a complaint filed with an IFP application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III.   DISCUSSION

### A.   *In Forma Pauperis* Application

The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez v. Harrison*, No. 23-3513, 2023 WL

5

5237130, at *1 (D.N.J. Aug. 15, 2023) (citing § 1915(a) and *Glenn v. Hayman*, No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). The plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)). Here, Plaintiff's IFP application establishes her inability to pay the filing fee, as the application states that Plaintiff has a monthly income of only $2,802 and liquid assets worth only several hundred dollars, but Plaintiff has several thousand dollars in monthly expenses. (ECF No. 1-3.) Therefore, Plaintiff's IFP application is **GRANTED**.

B. **Complaint Screening**

Having granted Plaintiff's application to proceed IFP, the Court turns to reviewing the merits of Plaintiff's Complaint. The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Here, the Complaint is a slightly modified version of the complaints this Court has already dismissed twice in Case No. 23-3788. Despite naming a different defendant and adding some factual allegations, the crux of the claims are identical. Therefore, Plaintiff's Complaint here will be dismissed with prejudice because the DPB is immune from suit.

As the Court explained to Plaintiff in Case No. 23-3788, the Eleventh Amendment limits a federal court's jurisdiction over actions against a state. *See In re Hechinger Inv. Co. of Del.*, 335 F.3d 243, 249 (3d Cir. 2003). The state's sovereign immunity from suit under the Eleventh

Amendment also extends to "arms of the state," such as state agencies and departments. *See Allen v. New Jersey State Police*, 974 F.3d 497, 505 (3d Cir. 2020) (citing *Bradley v. W. Chester Univ. of Pennsylvania State Sys. of Higher Educ.*, 880 F.3d 643, 654 (3d Cir. 2018)). As the Court has repeatedly informed Plaintiff, Case No. 23-3788, ECF Nos. 3 at 5–7, 21 at 6, PERS, as a part of DPB of the Department of Treasury, is an "arm of the state" immune from suit. *See Jones v. Pub. Emp. Ret. Pensions Div.*, No. 09-5894, 2011 WL 6003122, at *3 (D.N.J. Nov. 29, 2011) ("[Plaintiff's] claims are barred by the Eleventh Amendment because PERS is a state agency."). Like PERS, the DPB—also a division of the state Department of Treasury—is an arm of the state that has not waived its immunity or consented to suit. *See Williams v. New Jersey, Dep't of Treasury*, No. 08-5897, 2009 WL 936826, at *3 (D.N.J. Apr. 6, 2009) (holding that defendants, including the Department of Treasury and the director of the DPB were entitled to Eleventh Amendment immunity). Therefore, the claims against DPB, the sole Defendant named in this suit, must be dismissed.

Plaintiff's invocation of key legal terms—that she "phrased the injunctive relief sought in prospective terms, [and] facts are alleged indicating that the violations of constitutional law are ongoing," (Compl. ¶ 10)—is inapposite. This is evidently an attempt to plead a claim that takes advantage of the *Ex parte Young* exception to Eleventh Amendment immunity. As the Court previously explained to Plaintiff:

> [U]nder the exception articulated in *Ex parte Young*, 209 U.S. 123 (1908), "while the Eleventh Amendment bars suit for retrospective or compensatory relief, a plaintiff may sue the state in federal court where the relief sought is a prospective injunction or declaratory relief." *Cap. Bonding Corp. v. New Jersey Supreme Ct.*, 127 F. Supp. 2d 582, 589 (D.N.J. 2001). However, this exception does not apply to Plaintiff's Complaint for two reasons. Firstly, this exception only applies to suits brought against *state officials*. *Med. Soc. of New Jersey v. Mottola*, 320 F. Supp. 2d 254, 267 (D.N.J. 2004) . . . . In this case, Plaintiff is suing the PERS Board itself, not an individual PERS official. Secondly, this exception only applies where a plaintiff alleges an ongoing violation of federal law. *See Verizon Maryland, Inc. v.*

> *Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) . . . . Here, Plaintiff requests that the Court approve her benefits application. . . . While Plaintiff appears to be nominally seeking some form of injunctive relief, Plaintiff fails to allege any facts from which the Court might infer that there are future or ongoing violations of Plaintiff's rights under federal law.

Case No. 23-3788, ECF No. 3 at 7–8. However, both flaws the Court identified for Plaintiff are again present here. The sole Defendant named here is an arm of the state, the DPB, rather than any state official. On this basis alone, *Ex parte Young* does not apply. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984) (when the state itself is named as the defendant, the Eleventh Amendment bars the claim "regardless of whether it seeks damages or injunctive relief" (citation omitted)).

To be clear, this does not mean that the Complaint's sole defect is a failure to name any state officials as defendants. The Court looks past Plaintiff's use of the phrases "prospective relief" and "ongoing violation" of federal law to evaluate the relief Plaintiff actually seeks. *See, e.g., Surina v. S. River Bd. of Educ.*, No. 20-2804, 2022 WL 264464, at *3 (3d Cir. Jan. 27, 2022) (evaluating an *Ex parte Young* argument by "setting aside [appellants'] bald and conclusory allegations"); *Taylor v. City of Jersey City*, No. 22-457, 2023 WL 6997250, at *4 (D.N.J. Oct. 24, 2023) (looking past "a conclusory allegation that there are 'ongoing Civil Rights violations'" because "Plaintiffs do not allege any specific facts from which the Court might infer that there are ongoing civil rights violations"). Even if Plaintiff had named state officials as defendants in the present suit, the Complaint's focus on perceived errors in the state proceeding and her "request[] [for] what belongs to *me, my* pension that *I* earned fair and square," (Compl. ¶ 9), demonstrate that Plaintiff seeks solely retrospective relief. (*See also id.* ¶ 10 (seeking purported injunctive relief "to correct the errors . . . [in] the current record [which] misrepresents the facts by inaccurately depicting my years of service and contributions"); *id.* ¶ 21 (alleging that the "facts have been

neglected and mischaracterized by" PERS, Ignatowitz, and Kelly, which "has ongoing implications for my rights to full and fair legal proceedings including . . . those regarding my pension, discrimination, . . . and breach of duty by my attorney").)

Indeed, in her prior suit against PERS, Plaintiff attempted to sidestep PERS's Eleventh Amendment immunity precisely this way after the Court dismissed her claims on those grounds. Case No. 23-3788, ECF No. 21 at 6–8. As the Court noted, "[k]eying in on the *Ex parte Young* exception referenced by the Court in its November Opinion, Plaintiff added Mr. Ignatowitz and Mr. Kelly as named Defendants to the Amended Complaint." *Id.* at 6. Despite Ignatowitz's and Kelly's inclusion, the Court found *Ex parte Young* inapplicable because Plaintiff sought "an injunction that would have the Court order PERS to provide Plaintiff with benefits it already denied her" and in effect "retrospectively re-review PERS's denial of the Application." *Id.* at 8.

In the normal course of screening a *pro se* complaint, courts ordinarily permit a plaintiff to attempt to correct the complaint's deficiencies through amendment. However, the Complaint in this matter represents Plaintiff's third separate attempt to state the same exact claim. Plaintiff's complaints have differed in the amount of factual detail they provide, and she has altered the defendants—whether the DPB, PERS, or PERS officials Ignatowitz and Kelly—named in the complaints. At their base, however, each complaint has sought this Court to review and overturn the state proceedings in which Plaintiff was denied retirement benefits and retroactively order those benefits awarded. (*See* Compl. ¶ 34 ("The very crux of my matter is the fact that my termination . . . *was* due to my disability, and thus I am eligible for disability retirement benefits.").) In its decision earlier this month, the Court found amendment futile and dismissed with prejudice. Case No. 23-3788, ECF No. 21 at 9. Similarly here, Plaintiff's repeated, failed attempts to state a claim against defendants immune from suit by the Eleventh Amendment

illustrate that any further amendment would be futile. The Court will therefore dismiss the Complaint with prejudice. *See Nemeth v. Off. of Clerk of Superior Ct. of New Jersey*, 837 F. App'x 924, 927 (3d Cir. 2020) (affirming dismissal with prejudice in suit involving Eleventh Amendment immunity); *Tonge v. New Jersey*, 737 F. App'x 79, 80 (3d Cir. 2018) (affirming dismissal with prejudice on Eleventh Amendment grounds where plaintiff's "amended complaint did not differ materially from his first effort.").

Therefore, Plaintiff's Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e).

**IT IS** on this 11th day of October, 2024, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-3) is **GRANTED**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e);

3. The Clerk's Office is directed to **CLOSE** this matter;

4. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to her address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**