NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JUDY THORPE,

    Plaintiff,

v.

STATE OF NEW JERSEY, DEPARTMENT OF TREASURY, DIVISION OF PENSIONS AND BENEFITS,

    Defendant.

Civil Action No. 24-1463 (RK) (JBD)

**MEMORANDUM ORDER**

---

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Plaintiff Judy Thorpe's ("Plaintiff") Motion for Reconsideration, (ECF No. 5), of the Court's October 11, 2024 Memorandum Order granting her application to proceed *in forma pauperis* and dismissing her Complaint with prejudice ("IFP Order"), (ECF No. 4). Simultaneous with her Motion for Reconsideration, Plaintiff appealed the IFP Order. (ECF No. 6.) Plaintiff's appeal was docketed before the Third Circuit Court of Appeals with Case Number 24-2953 on October 18, 2024, (ECF No. 7), and the same day, the Court of Appeals stayed the appeal pending this Court's decision on Plaintiff's timely Motion for Reconsideration, (ECF No. 8). In light of the Third Circuit's stay decision, the Court will therefore consider Plaintiff's Motion for Reconsideration of the IFP Order.[1]

---

[1] The Court notes that an identical procedural history played out in another case *pro se* Plaintiff filed before the Undersigned. In *Thorpe v. Cipparulo*, Case No. 23-3590 (D.N.J.), the Court granted IFP status but screened and dismissed the complaint; Plaintiff filed a motion for reconsideration as well as a notice of appeal, and the Court of Appeals stayed the appeal pending a decision on the reconsideration motion. This Court subsequently denied reconsideration, and the Court of Appeals ultimately dismissed the appeal for failure to prosecute.

Pursuant to Local Civil Rule 7.1(i), a party may move for reconsideration within fourteen (14) days of an entry of order or judgment on the original motion. Reconsideration is an "extraordinary remedy" to be granted "sparingly." *United States v. Coburn*, No. 19-120, 2022 WL 874458, at *2 (D.N.J. Mar. 23, 2022) (citation omitted). To succeed on a motion for reconsideration, a movant must show "(1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2020) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). The party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i).

*Pro se* Plaintiff's Motion for Reconsideration does not point to any "clear error of law" or a need to "prevent manifest injustice" presented by the Court's prior IFP Order. Plaintiff recites the standard the Court applies on reconsideration and argues in full:

> The purpose of a Motion for reconsideration is to correct manifest errors of law and fact. Further the judgement [sic], order, or decree involves a question of law requiring resolution of conflicting decisions as detailed in my amended complaint with substantial evidence by way of attached (Exhibits). Moreover, I provided clear and convincing evidence by way of attached (exhibits). I am simple [sic] requesting that the record is corrected by way of injunction but not limited to. Moreover, the basis for Plaintiffs Motion for Reconsideration includes but is not limited to, based on probative and competent evidence in the record. In addition. there is indeed a need to correct a clear error of law or fact to prevent injustice.

(ECF No. 5 at 10 (emphasis omitted).) Even accounting for Plaintiff's *pro se* status, the Court is unable to discern from Plaintiff's filing any basis for the Court to alter the conclusions of the IFP Order.

As summarized in the challenged IFP Order, Plaintiff was terminated from her position at a New Jersey agency in 2008 and subsequently lost in arbitration in challenging her termination. (ECF No. 4 at 1–2.) In 2021, Plaintiff applied for deferred retirement benefits through New

2

Jersey's Public Employee Retirement System ("PERS") and was denied because she had been fired for cause in 2008. (*Id.* at 2.) Plaintiff filed an initial suit against PERS, alleging that defects in the state proceedings meant that PERS erred in denying her retirement benefits. (*Id.*) In that first suit,[2] the Court dismissed the claim on Eleventh Amendment immunity grounds. (*Id.*) In response to the dismissal, Plaintiff filed an amended complaint, adding individual PERS employees as defendants. (*Id.*) The Court again screened and dismissed the Complaint.[3]

Turning from that first case back to the above-captioned matter, the Court screened the complaint and determined that the complaint "largely mirrors Plaintiff's allegations" from the first case and that "the majority of the paragraphs are identical, although Plaintiff also adds new (but irrelevant) details." (*Id.* at 3.) Rather than naming PERS or its employees, however, Plaintiff named the New Jersey Division of Pensions and Benefits of the Department of Treasury ("DPB"), of which PERS is a part. (*Id.*) In the IFP Order, the Court held that the DPB is an "arm of the state" immune from suit under the Eleventh Amendment to the U.S. Constitution. (*Id.* at 6–7.) The *Ex parte Young* exception to Eleventh Amendment immunity was not available because Plaintiff had sued an arm of the state rather than an individual officer and because Plaintiff essentially sought retrospective relief, despite Plaintiff purporting to seek "injunctive relief" for an "ongoing violation" of federal law. (*Id.* at 8–9 (discussing *Ex parte Young*, 209 U.S. 123 (1908)).)[4] Therefore,

---

[2] *See Thorpe v. Bd. of Trs. of the Pub. Emps. Ret. Sys.*, Case No. 23-3788 (D.N.J.).

[3] Plaintiff simultaneously filed a Motion for Reconsideration and Notice of Appeal challenging that second dismissal.

[4] The Court also considered whether dismissal without prejudice was warranted. The Court observed that the Complaint was "Plaintiff's third separate attempt to state the same exact claim." (ECF No. 4 at 9.) Further, because "each complaint has sought this Court to review and overturn the state proceedings in which Plaintiff was denied retirement benefits and retroactively order those benefits awarded," the Court found that amendment was futile. (*Id.*) The Court concluded that dismissal with prejudice was appropriate. (*Id.*)

**IT IS** on this 28th day of October, 2024, **ORDERED** that:

1. The Clerk's Office is directed to **REOPEN** this matter for a decision on Plaintiff's Motion for Reconsideration (ECF No. 5);

2. Plaintiff's Motion for Reconsideration (ECF No. 5) is **DENIED** for the reasons set forth above;

3. The Clerk's Office is directed to **TERMINATE** the motion pending at ECF No. 5;

4. The Clerk's Office is directed to **CLOSE** this matter;

5. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to her address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

4